UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL PAUL STODDARD,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>IDOC, CO.; CORISEN CMS; SUSEN WESSEIS; DR. KRAUSE; BRUCE CAMPBELL; DR. JAMES MICHAEL BARRY; DR. SCOTT ALDERS-ELIASON; and DR. COULTER,<br><br>　　　　　Respondents. | Case No. 1:20-cv-00344-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Daniel Paul Stoddard has filed a Petition for Writ of Habeas Corpus that appears to challenge Petitioner's 2002 conviction of second-degree murder, for which he received a unified sentence of life in prison with eleven years fixed.[1] *See* Dkt. 2; Idaho iCourt Database, Kootenai County Case No. CR01-6349, https://icourt.idaho.gov/ (accessed July 30, 2020). The Court now reviews the Petition to determine whether it is

---

[1] The Petition does not clearly identify the conviction that Petitioner is challenging in this action. *See* Dkt. 2 at 1 (citing the case number for Petitioner's 2002 second-degree murder conviction and identifying the year of sentencing as 2002); *but see id.* at 1–2 (identifying the crime of conviction as "morbidity zoned red light district for BDSM Dominance and Fetish!", the year of conviction as 1982, and the sentence as "death warrant to Nazi campsites!"); *State v. Stoddard*, 670 P.2d 1318, 1319–20 (Ct. App. 1983) (identifying Petitioner's conviction in the early 1980s as grand larceny of an automobile).

　　However, the Court has construed the instant Petition as challenging Petitioner's 2002 conviction for second-degree murder because it is the only conviction for which Petitioner remains incarcerated. *See* IDOC Offender Search, https://www.idoc.idaho.gov/content/prisons/offender_search (accessed July 30, 2020); *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that the "in custody" requirement of the habeas statute does not include petitioners whose sentences have fully expired before the petition is filed and, therefore, federal courts lack jurisdiction to entertain habeas petitions in such cases).

INITIAL REVIEW ORDER - 1

subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.      Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging his 2002 conviction of second-degree murder. *See Stoddard v. IMSI Warden*, Case No. 1:05-cv-00489-MHW, Dkt. 3 (D. Idaho, filed Nov. 30, 2005). That petition was denied in February 2007. *See id.*, Dkt. 18.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In *Tyler v. Cain*, the United

States Supreme Court explained the criteria used to determine whether a second or successive petition can proceed:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. [28 U.S.C.] § 2244(b)(1). And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

533 U.S. 656, 661-62 (2001).

A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted). Here, absent authorization from the United States Court of Appeals for the Ninth Circuit, Petitioner cannot proceed with the instant Petition for Writ of Habeas Corpus because he is challenging the same conviction that was adjudicated in his previous federal habeas corpus action.

Petitioner has not shown that he has obtained the required authorization from the court of appeals. Though Petitioner has attached to his Petition an application to file a successive petition, *see* Dkt. 2-1, this Court has no authority grant such an application. Petitioner must file any such future application in the Ninth Circuit Court of Appeals.

For the foregoing reasons, the Petition is subject to summary dismissal.[2]

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 2) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 12, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] The Court notes that at least some of Petitioner's allegations, combined with the fact that Petitioner has included private parties as respondents, might implicate state-law civil claims or claims under 42 U.S.C. § 1983, the federal civil rights statute. *See* Dkt. 2 at 8 ("revolutionary case of malpractice"). If Plaintiff intends to file a separate civil rights complaint, he may do so. Forms for such complaints are available at the prison resource center.

INITIAL REVIEW ORDER - 4